*E-Filed 7/13/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DARREN ANDREW PETRICKA,

    Petitioner,

    v.

JAMES A YATES, Warden,

    Respondent.

No. C 08-05040 RS (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

### INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons stated herein, the petition is DENIED.

### BACKGROUND

In 2005, a Napa County Superior Court jury convicted petitioner of two counts of genital penetration by a foreign object, one count of felony false imprisonment, and three counts of sexual battery by restraint. Consequent to the verdicts, petitioner was sentenced to 15 years-to-life in state prison. Petitioner filed the instant petition after being denied relief on direct state review.

Evidence presented at trial demonstrates that in 2003, petitioner sexually assaulted his friend's girlfriend, Amber. In November 2003, petitioner knocked on the door of the house Amber shared with her boyfriend Perez, a friend of the petitioner. After Amber, Perez, and petitioner talked for a few minutes, Perez and petitioner left the house. Amber then went to the bathroom. While there, petitioner returned to the house, and stood behind Amber and talked to her. Petitioner, who was a large man of about 300 pounds, sat on the bed while Amber, who had told petitioner that she was leaving to meet a friend, looked for her keys, purse, and cigarettes. As she stood in front of him, petitioner grabbed Amber, started rubbing her shoulders, and made lewd and suggestive comments. When Amber then pulled away, petitioner grabbed her by the hips. Despite her demand for him to stop, petitioner pulled her closer, and held her there with his legs crossed over hers, facing away from him. As his legs and arms were around her, he took off her shirt and undershirt, unhooked her bra, licked her spine, and grabbed and groped her breasts. Amber pulled away and she started looking for her keys. Petitioner said that he was "just trying to feel [her] out to see if [she] was a slut for his friend." He also said not to worry because he would not touch her again. Terrified, Amber went to the bathroom as she tried to figure out how to get petitioner out of the house, but he followed her. Amber saw a box on the bed, put it on petitioner's head and pushed him backwards about four feet. When petitioner removed the box and looked at her, Amber "nervously laughed, thinking that he wouldn't take it so seriously, so he wouldn't hurt me."

Amber went back to the front room while petitioner went to the porch. Amber telephoned her friend, Patrick Gibson, and told him to come over immediately. Petitioner came back into the house and sat on the bed. As Amber started looking for her keys, petitioner asked her to call him "Daddy," pulled her hair, put his arms around her, pulled her to the bed, and tried to put his tongue in her mouth, saying that he would take care of her and Perez. Petitioner made various additional suggestive remarks prompting Amber to jump up and say she needed a cigarette "right now." Petitioner responded that he would take her to

the store. She said, "no," but he insisted; his tone of voice was aggressive, which scared her. Petitioner insisted and so they went outside, got into his van, and drove to a gasoline "convenience" store.

When they returned from the store, Amber tried to make it to the door first, but failed. She did not try to run away because she had no car keys. "We were in the middle of nowhere. I thought he would catch me and hurt me. I would make things worse, I thought. I was paralyzed at this time, too." Once inside, Amber smoked a cigarette while petitioner sat against the bed. She told him several times that he needed to leave. Petitioner again grabbed Amber from behind, held her with his arms and legs, and felt her breasts underneath her shirt, while Amber said that she loved Perez. Petitioner tackled her, and pushed her onto the floor. Amber fell face first, and petitioner got on top of her. She said, "Stop. Get off me." Petitioner pinned her wrists down, moved one hand into her pants and put either one or two fingers inside her vagina. Petitioner said she felt good, tried to put his tongue in her mouth, and asked her to kiss and "fuck" him. Amber was scared, cried, attempted to get away, and asked petitioner to get off her. Petitioner took his fingers out of Amber's vagina, put them in his mouth, and said she "tasted good." He then put his fingers back into her vagina for about 20 more minutes. After about 20 minutes, Amber and petitioner heard Pat Gibson arrive. Petitioner got off Amber, and said, "Fix yourself up." (Ans., Ex. 2 at 3–5.)

As grounds for federal habeas relief, petitioner claims that (1) the trial court violated due process and abused its discretion in permitting inadmissible propensity evidence; (2) there was insufficient evidence to support the convictions for digital penetration, and one count of sexual battery, which denied petitioner his right to due process; (3) trial counsel rendered ineffective assistance by failing to move for a new trial based on insufficiency of evidence; (4) the imposition of consecutive sentences violated his Sixth Amendment rights because the jury, not the court, should have been assigned the task of determining whether the two incidents of digital penetration took place on separate occasions; and (5) there was insufficient evidence to show that the digital penetrations occurred on separate occasions.

## STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

## DISCUSSION

### I. Admission of Propensity Evidence

Petitioner claims that the trial court violated his right to due process when it admitted testimony from Heather S. regarding a prior sexual offense petitioner committed against her.

(Pet. at 7.) Heather was allowed to testify as to the facts of the offense, but was not allowed to mention that petitioner had been convicted of committing sexual battery against her. The state appellate court rejected petitioner's claim, concluding that the evidence was properly admitted under state rules of evidence. (Ans., Ex. 2 at 11.)

Petitioner's claim fails. The United States Supreme Court has left open the question of whether admission of propensity evidence violates due process. *Estelle v. McGuire*, 502 U.S. 62, 75 n. 5 (1991). Because the Supreme Court has reserved this issue as an "open question," the Ninth Circuit has held that a petitioner's due process right concerning the admission of propensity evidence is not clearly established for purposes of review under AEDPA. Consequently, petitioner's claim is DENIED because he has failed to show that there was "no reasonable basis for the state court to deny relief," *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011), that is, he has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

## II.     Sufficiency of the Evidence

Petitioner claims that there was insufficient evidence to support the convictions for (A) the two counts of digital penetration, and (B) sexual battery. (Pet. at 7.) More specifically, petitioner's claim is that Amber's testimony regarding the events is so implausible that his convictions cannot be upheld. The state appellate court rejected this claim on grounds that petitioner was trying to reweigh the evidence and challenge credibility, rather than to show that the evidence was insufficient.

Petitioner is not, in truth, challenging whether the evidence is sufficient, that is, whether the evidence meets the elements of the offenses. Rather, as the state appellate court found, his claim is that Amber and other witnesses are not credible. This claim must be denied. By convicting petitioner, the jury accepted Amber's testimony as credible, and rejected as not credible the defense's arguments and evidence. A jury's credibility determinations are entitled to near-total deference. *Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004). If confronted by a record that supports conflicting inferences, a federal habeas

court "must presume — even if it does not affirmatively appear on the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson v. Virginia*, 443 U.S. 307, 326 (1979). This Court must accord the jury's credibility finding the highest deference, and presume that it resolved any conflicts in the evidence in favor of the prosecution. Consequently, petitioner's claim is DENIED because he has failed to show that there was "no reasonable basis for the state court to deny relief," *Richter*, 131 S. Ct. at 784, that is, he has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

## III.   Assistance of Defense Counsel

Petitioner claims that defense counsel rendered ineffective assistance by failing to move for a new trial on grounds that the evidence was insufficient to support the convictions. (Pet. at 7.) The state appellate court did not rule on this claim in its written opinion.

Claims of ineffective assistance of counsel are examined under *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffectiveness of counsel, the petitioner must establish two factors. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms, *id.* at 687–68, "not whether it deviated from best practices or most common custom," *Richter*, 131 S. Ct. at 788 (citing *Strickland*, 466 U.S. at 650). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Richter*, 131 S. Ct. at 787 (quoting *Strickland*, 466 U.S. at 689). Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Ibid.* Where the defendant is challenging his conviction, the appropriate question is "whether there is a

reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.

Petitioner's claim fails because he has not shown that a new trial motion would have been successful. Under the facts of the instant matter, the only possible bases for a new trial motion under Cal. Pen. Code § 1181 subsections (6) and (7): "[w]hen the verdict or finding is contrary to law or evidence." Petitioner has not shown that a new trial motion would have been successful on such grounds. The jury found the prosecution's evidence to be credible, and rejected the defense's challenges to that evidence. Petitioner has shown nothing, other than his disbelief in Amber's credibility, that is contrary to fact or law in the jury's decision. Petitioner has not shown that any motion based on such grounds would have been successful. Because it is both reasonable and not prejudicial for an attorney to forego a meritless objection, *see Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005), defense counsel cannot have rendered ineffective assistance simply by not making a motion for a new trial on the grounds suggested by petitioner. Consequently, petitioner's claim is DENIED because he has failed to show that there was "no reasonable basis for the state court to deny relief," *Richter*, 131 S. Ct. at 784, that is, he has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

**IV. & V.     Imposition of Consecutive Sentences**

Petitioner claims that (A) imposition of consecutive sentences violated his Sixth Amendment rights because the sentencing decision was based on factors determined by the judge, not by the jury, and (B) that the two digital penetrations did not constitute "separate occasions" for purposes of the mandatory consecutive sentencing procedure under state law. (Pet. at 7.) The state appellate court rejected both claims on state law grounds. (Ans., Ex. 2 at 26, 29–30.)

Both (A) and (B) are foreclosed by case law because they are based on alleged violations of state law. "The decision whether to impose sentences concurrently or

consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). More specifically, Sixth Amendment jury trial protections do not apply to a trial court's decision to impose concurrent or consecutive sentences, *see Oregon v. Ice*, 129 S. Ct. 711, 714–15 (2009), and whether the two penetrations qualify as "separate occasions" under California law is a question of state law. As such, these claims are not subject to review by a federal habeas court. *See Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). Consequently, petitioner's claim is DENIED because he has failed to show that there was "no reasonable basis for the state court to deny relief," *Richter*, 131 S. Ct. at 784, that is, he has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

## CONCLUSION

The state court's adjudication of petitioner's claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

Petitioner alleges in a letter to the Court (Docket No. 26) that he has found exculpatory evidence. Nothing in this filing supports such an allegation. In the letter, petitioner alleges that the prosecution failed to disclose to petitioner that a charge of failing to register as a sex offender in another jurisdiction had been reduced to a charge of false arrest and eventually dismissed. Petitioner has not shown how this information is exculpatory as to the convictions at issue here. He also has not shown how this information would have been

relevant to his defense, especially considering that the trial court disallowed any testimony regarding what criminal convictions petitioner suffered pursuant to the earlier allegations. Nor has petitioner shown why the prosecution had a duty to disclose such publicly and personally available information.  Insofar as this filing constitutes a motion, it is DENIED. The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED:  July 13, 2011

_____
RICHARD SEEBORG
United States District Judge